IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02378-BNB

GEORGE DEAN WASHINGTON,

Plaintiff,

v.

BECKY BOREJON,
JOHN BRANDT,
COMMANDER LINCOLN,
FRAN LePAGE, and
TERRY MAKETA

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, George Dean Washington, currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Washington has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Washington is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Washington will be ordered to file an Amended Complaint.

The Court has reviewed the Prisoner Complaint filed by Mr. Washington and finds that it is deficient. Mr. Washington asserts that his First, Fifth, and Fourteenth Amendment rights have been violated because he has been denied access to the

Gateways Through the Rockies program and to the inmate law library. Mr. Washington seeks injunctive relief and money damages.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Washington must show that each named defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Washington fails to assert how Defendants Fran LePage and Terry Maketa personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how **all** named Defendants personally participated in the alleged constitutional violates. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Washington file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Washington, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Washington fails to file an Amended Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED November 19, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02378-BNB

George Dean Washington
Prisoner No. A0235664
El Paso County Sheriff's Office
2739 E Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint form** to the above-named individuals on 11/19/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk