IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02378-BNB

GEORGE DEAN WASHINGTON,

Plaintiff,

v.

BECKY BOREJON,
JOHN BRANDT,
COMMANDER LINCOLN,
FRAN LePAGE, and
TERRY MAKETA,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff George Dean Washington is incarcerated at the EL Paso County Criminal Justice Center in Colorado Springs, Colorado. On October 28, 2008, Mr. Washington submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the merits of the Complaint and entered an order on November 19, 2008, instructing Plaintiff to file an Amended Complaint and assert personal participation by all named Defendants. Mr. Washington filed an Amended Complaint on December 2, 2008.

The Court must construe the Complaint and the Amended Complaint liberally because Mr. Washington is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Amended Complaint, Mr. Washington sets forth five claims. In each of the claims, he challenges Defendants' denial of his placement in the Gateways Through the Rockies Program (Gateways), which is a program that is offered to "carefully selected" nonviolent inmates in assisting them with education, counseling, work experience, social skills, and post-release support. (Orig. Compl. at # 8.) He further asserts that Defendants denied his placement in the program because they incorrectly determined he had a history of violent assaults.

The Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Washington does not allege that he was deprived of life or property. The Court assumes, however, he is arguing that he has a protected liberty interest in being placed in the Gateways program.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest may

arise under either the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84.

The fact that Mr. Washington has not been placed in the Gateways program does not violate the United States constitution. The Gateways program is rehabilitative in nature. "[A]n inmate does not have a federal constitutional right to rehabilitation." *See Battle v. Anderson*, 564 F.2d 388, 403 (10th Cir. 1977). Furthermore, nothing in the program statement, as set forth by Plaintiff on Page Eight of the original Complaint form, indicates a placement of nonviolent inmates in the Gateway program is mandatory and not discretionary. Mr. Washington fails to assert a liberty interest under state law. Mr. Washington, therefore, does not have a liberty interest in being placed in the Gateways program and is not entitled to any procedural protections with respect to a placement.

The Court also notes that in the original Complaint Mr. Washington asserted First Amendment violations regarding the denial of access to the law library. He, however, does not raise a denial of access claim in his Amended Complaint. Although he refers to the First Amendment in Claims Four and Five, in the Amended Complaint, he does not assert any facts to support a First Amendment violation. Even if the Court were to consider the original Complaint, Plaintiff failed to assert personal participation by any named Defendants with respect to his library access claim in the original Complaint. Magistrate Judge Boland instructed Plaintiff to amend his Complaint and assert personal participation. Because he has failed to assert personal participation in the Amended Complaint, with respect to his denial of access claim, the claim will be dismissed. Accordingly, it is

ORDERED that the Complaint and action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) with respect to Mr. Washington's denial of placement claim. It is

FURTHER ORDERED that the Complaint and action are dismissed without prejudice with respect to Mr. Washington's denial of access claim.

DATED at Denver, Colorado, this 12 day of Dec, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02378-BNB

George Dean Washington
Prisoner No. A0235664
El Paso County Sheriff's Office
2739 E Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12\15\08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk